CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
OCT 31 2011
JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Criminal Action No. 7:94-cr-40106-6 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| LITTLE TOM CHILDRESS, | ) | By: Hon. Jackson L. Kiser |
| Petitioner. | ) | Senior United States District Judge |

Little Tom Childress filed a seventy-four page petition for a writ of error coram nobis to challenge his 1998 conviction for conspiring to distribute cocaine base, possessing with the intent to distribute cocaine base, and distributing cocaine base, in violation of 21 U.S.C. §§ 846 and 841(a)(1), for acts committed in 1993 and 1994 within the Western District of Virginia.

Following his convictions, petitioner noted an appeal to the Fourth Circuit Court of Appeals. Petitioner filed a pro se brief, and his counsel filed an Anders[1] brief. In his supplemental pro se brief, petitioner argued that I erred by failing to give him a downward departure for post-offense rehabilitation. United States v. Childress, No. 98-4666, 1999 U.S. App. LEXIS 30361, at *6 (4th Cir. Nov. 22, 1999). Petitioner and counsel both argued that I erred by increasing his offense level by two levels for possession of a firearm, pursuant to United States Sentencing Guideline § 2D1.1(b)(1). The Court of Appeals rejected these claims and affirmed petitioner's convictions.

In 2000, petitioner filed a motion to vacate, set aside, or correct his sentence. Petitioner argued that, inter alia, I lacked subject matter jurisdiction because the indictment was defective, he was a victim of an unauthorized prosecution and prosecutorial misconduct, and I unlawfully sentenced him. By my Memorandum Opinion and Order dated August 30, 2002, I dismissed his

---

[1] See Anders v. California, 386 U.S. 738 (1967) (describing the required brief when appellate counsel finds no meritorious issues to appeal).

motion and requests to dismiss <u>nunc pro tunc</u> the indictment. I specifically dismissed his claims about subject matter jurisdiction, unauthorized prosecution, and prosecutorial misconduct as procedurally defaulted because he did not appeal the issue or demonstrate cause and prejudice to excuse the default.

Petitioner has been released from incarceration and supervision. In the instant petition, petitioner alleges the following claims:

1. The grand jury transcripts clearly show that the United States never instructed any grand jurors on the applicable laws (Pet. 8);
2. "The grand jurors['] minutes or transcripts of the alleged fraudulently il[l]egal defective indictment of 8/17/1994, 8/18/1994, [and] 8/19/1994 which suppose been original defective indictment" [sic] (<u>id.</u>);
3. I knew and condoned of the fraudulent grand jury instructions and illegally convicted innocent people (Pet. 9); and
4. The magistrate judge conspired with unknown actors to promote the fraudulent indictments and illegally cause petitioner's false imprisonment (<u>id.</u>).

Petitioner does not describe any collateral consequence of his conviction.

II.

A.

Congress has conferred district courts with the authority to decide only certain types of cases. Under 28 U.S.C. § 1331, the district courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Under 28 U.S.C. § 1343, the district court have jurisdiction over, <u>inter alia</u>, a case involving a state penitentiary inmate's civil rights. This jurisdiction is not unlimited, however. The United States Supreme Court has repeatedly held that "the federal courts are without power to entertain claims otherwise within their jurisdiction if they are so attenuated and unsubstantial as to be absolutely devoid of merit, . . . wholly insubstantial, . . . obviously frivolous[,] . . . plainly unsubstantial, . . . or no longer

open to discussion." Hagans v. Lavine, 415 U.S. 528, 536-37 (1974) (internal quotations and citations omitted). Rule 12(b)(1) authorizes the district court to dismiss a "patently insubstantial complaint . . . for want of subject-matter jurisdiction." Neitzke v. Williams, 490 U.S. 319, 327 n.6 (1989). Furthermore, the court has an independent obligation to evaluate, sua sponte, its subject matter jurisdiction if it is in doubt. Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle, 429 U.S. 274, 278 (1977). See Apple v. Glenn, 183 F.3d 477, 479-80 (6th Cir. 1999) (finding that complaint may be dismissed sua sponte "for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion").

B.

A writ of coram nobis is an "extraordinary remedy," and courts should grant the writ "only under circumstances compelling such action to achieve justice" and to correct errors "of the most fundamental character." United States v. Morgan, 346 U.S. 502, 511-12 (1954). Coram nobis relief is "substantially equivalent" to habeas corpus relief. United States v. Little, 608 F.2d 296, 299 (8th Cir. 1979).

"The doctrine of abuse of the writ defines the circumstances in which federal courts decline to entertain a claim presented for the first time in a second or subsequent" collateral attack. McCleskey v. Zant, 499 U.S. 467, 470 (1991). See Zayas v. INS, 311 F.3d 247, 252-53 (3rd Cir. 2002) (abuse of the writ doctrine not supplanted by 28 U.S.C. §§ 2244(b), 2255(h)); Mendez v. United States, No. 04-HC-90-FL, 2004 U.S. Dist. LEXIS 30249, *5 n.1, 2004 WL 3327911, *2 n.1 (E.D.N.C. Dec. 27, 2004) (same). The coram nobis petitioner must show cause

3

and prejudice or a fundamental miscarriage of justice to excuse a failure to raise the claim earlier to avoid dismissal as an abuse of the writ. McClesky, 499 U.S. at 494-95. See Murray v. Carrier, 477 U.S. 478, 491 (1986); Miller v. Bordenkircher, 764 F.2d 245, 250 n.5 (4th Cir. 1985) (discussing abuse of the writ doctrine in the context of 28 U.S.C. § 2254). In order to satisfy the "cause" requirement, a petitioner must show that some external impediment prevented him from presenting his claim in a timely and procedurally proper manner. See Noble v. Barnett, 24 F.3d 582, 586 (4th Cir. 1994) (holding that the claims presented in applicant's third habeas petition were barred by the abuse of the writ doctrine because applicant "had full knowledge of the facts central to each of these claims at the time that he filed his second petition for a writ of habeas corpus"). The cause inquiry focuses on whether the petitioner was prevented from including a particular claim in his most recent petition. See Washington v. Delo, 51 F.3d 756, 761 (8th Cir. 1995) (stating a court does not need to review the alternate prong when petitioner fails to establish one prong).

Petitioner argues that he cannot default his claim about my alleged lack of jurisdiction. (Pet. 6.) However, petitioner's jurisdictional argument is based on a faulty indictment and improperly charged grand jury, which are claims petitioner could have raised on direct appeal. I already advised petitioner by my August 30, 2002, Memorandum Opinion that this claim was procedurally defaulted and petitioner must show cause and prejudice to excuse default. Despite this advice, petitioner fails to describe cause and prejudice to excuse his failure to raise the issue during both direct appeal or during his first collateral attack. Petitioner further fails to describe cause and prejudice to excuse an abuse of the writ for why he may raise the issue once again although I already adjudicated it at least once. Furthermore, petitioner's claims about a court

4

conspiracy to convict innocent people and that I lacked subject matter jurisdiction over plaintiff's trial for his criminal acts committed within the Western District of Virginia are frivolous.

III.

For the foregoing reasons, I dismiss the petition for a writ of error coram nobis without prejudice as wholly insubstantial, obviously frivolous, plainly unsubstantial, and no longer open to discussion.

The Clerk is directed to send copies of this Memorandum Opinion and the accompanying Order to petitioner and counsel of record for the United States.

**ENTER**: This 31st day of October, 2011.

*Jackson L. Kiser*
Senior United States District Judge